## COLBURN, Adm'r, etc., *v.* VAN VELZER.

*(Circuit Court, D. Minnesota. May, 1882.)*

ASSIGNMENT—VOID—UNDUE INFLUENCE—FEEBLE MIND.

Where a person feeble in mind and body, and incapable of exercising control over his property, or of managing it in a prudent, careful manner, or of making any contract with reference thereto, was unduly influenced to purchase an interest in a patent-right of doubtful utility, and in consideration therefor to assign notes and a mortgage on real property to the defendant, *held,* that such assignment is void, and transfers no title to the assignee.

*N. P. Colburn,* for complainant.

*C. M. MacCarthy,* for defendant.

NELSON, D. J. This is a suit in equity brought to set aside an assignment executed by the complainant's intestate of certain notes and a mortgage during his life-time.

### FINDING OF FACTS.

I find that Joseph Prescott, a citizen of the state of Minnesota, died at Prairie du Chien, July 14, 1880, intestate, leaving property and

effects in the county of Fillmore. On August 7, 1880, the complainant was appointed administrator of the estate by the probate court of that county, and duly qualified and entered upon his duties as such administrator; that on or about November 12, 1877, Prescott had a stroke of apoplexy, followed by partial paralysis of his left side, arm, and leg; that he remained, after stricken down, for several days, in an unconscious and semi-comatose state; that his mental faculties were seriously impaired by the attack and have never been fully restored; that he was afterwards, and up to the time of his death, in a weak and feeble condition of mind and body, which incapacitated him from properly and carefully attending to his business and managing his property; that he continued to decline in health after treatment for the disease, and at no time regained the strength and vigor which he possessed before he was stricken down; that he was aware of his impaired condition of mind after unsuccessful treatment in the spring of 1878, and transacted very little business without consultation with others; that in November, 1879, he was treated at Cresco, Iowa, for his enfeebled condition of mind and body, and subsequently, about the middle of the month, went alone, without the knowledge of his friends, to Prairie du Chien, where he died, as stated above; that before his death, and while in an enfeebled condition of mind and body, not competent to exercise control over his property or manage it in a prudent, careful manner, and not capable of making any contract with reference thereto, and being unduly influenced by the defendant, Prescott was induced to purchase an interest in a patent-right which the defendant claimed to own and which he knew was of doubtful utility; that the transaction between the deceased and the defendant, and the circumstances surrounding them, show an intention on the part of the defendant to take advantage of the enfeebled condition of Prescott's mind to overreach him and obtain, if possible, control of a part of his property; that on the ninth of December, 1879, through the undue influence of defendant, Prescott was induced to purchase an undivided one-third interest in a patent whiffletree, and as payment therefor to assign a note and mortgage of the value of more than $1,000, and also, on or about the first day of January, 1880, when he was in a weak and enfeebled condition of mind and body, and not competent in law to enter into a contract or manage his property, the said defendant, by undue influence and with the intention of overreaching, induced him to purchase the other two-thirds of the patent-right, and obtained as the purchase price the assignment to himself of the note of Robert Hulton for the sum

of $1,000, secured by a mortgage upon real estate in Fillmore county aforesaid, said note bearing date March 7, 1878, and payable in three years, with interest at 10 per cent., and also the note of J. P. Tibbits for the sum of $500, dated February 25, 1878, payable in 6 months, with interest at the rate of 12 per cent., and also the note of H. S. Bassett for the sum of $500, dated November 13, 1878, and payable in one year, with interest at 12 per cent.; that the assignment of the notes and mortgage was dated January 1, 1880, and acknowledged January 26, 1880, and on March 10, 1881, filed for record and recorded in the office of the register of deeds of Fillmore county.

The further fact is found that the notes are in the possession either of the administrator, or in the bank at Preston subject to the control of the administrator.

In the view taken by the court of the conclusions of law resulting from the foregoing facts, it is unnecessary to consider the evidence with reference to the proceedings taken before the judge of probate in Fillmore county, under which a guardian was appointed.

### CONCLUSIONS OF LAW.

1. The assignment of the notes and mortgage is void, and transfers no title in and to the same to the assignee, the defendant in this suit.

2. A decree will be entered, with costs, in favor of the administrator, adjudging that the said assignment of the said note and mortgage executed by Robert Hulton, and the notes of J. P. Tibbits and H. S. Bassett, be and the same is of no effect, and that the same be set aside.

3. That the title and control of the said notes and mortgage is in the administrator, the complainant in this suit, and held by him for the use and benefit of the estate.